IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARRY ZIKA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CHRISTOPHER CALVERT, and MATTHEW HOLCOMB, in their individual capacities,<br><br>　　　　　　Defendants. | 4:23-CV-3249<br><br>MEMORANDUM AND ORDER |

　　　　The plaintiff, Garry Zika, brought this lawsuit under 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment rights. *See* filing 1 at 2. The defendants are Christopher Calvert and Matthew Holcomb, who were law enforcement officers with the Scotts Bluff County Sheriff's Office at the time of the alleged violations. *See* filing 28 at 3-4. The defendants have moved for summary judgment on the basis of qualified immunity. *See* filing 25; filing 26. This matter is before the Court on the plaintiff's Fed. R. Civ. P. 56(d) motion to resist summary judgment. *See* filing 30; filing 29.

## I. BACKGROUND

　　　　The plaintiff's complaint is factually sparse. He alleges that in January 2020, the defendants came to his home in Scottsbluff, Nebraska. Filing 1 at 2. After he refused to speak to the officers and refused to exit his home, the officers forcibly entered the home, causing damage to his property. Filing 1 at 2. After the forced entry, Holcomb tackled the plaintiff to the ground, and Calvert deployed his taser. Filing 1 at 2. The plaintiff was arrested without a warrant in his own home.

The defendants answered the plaintiff's complaint. Filing 11; Filing 12. Fact discovery in this case has been deferred until after the Court resolves the defendants' assertion of qualified immunity. Filing 17; filing 25; filing 26; *see also Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018). The plaintiff has requested limited discovery to resist summary judgment under Rule 56(d). *See* filing 30. The deadline for the plaintiff to respond to the defendants' summary judgment motions has been stayed pending the Court's ruling on the plaintiff's motion. *See* filing 29.

## II. STANDARD OF REVIEW

As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery. *Toben v. Bridgestone Retail Ops., LLC*, 751 F.3d 888, 894 (8th Cir. 2014). Rule 56(d) permits the Court to defer considering a motion for summary judgment, or deny it, when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment. *Toben*, 751 F.3d at 894. But a party invoking Rule 56(d) must affirmatively demonstrate why they cannot respond to a movant's evidence as otherwise required, and how postponement of a ruling will enable him, by discovery or other means, to rebut the movants' showing of the absence of a genuine issue of fact. *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 837 (8th Cir. 2015).

Specifically, the party seeking additional discovery must show that: (1) he has set forth in affidavit form the specific facts that he hopes to elicit from further discovery, (2) the facts sought exist, and (3) these sought-after facts are essential to resist the summary judgment motion. *Toben*, 751 F.3d at 895. It is

not enough for the nonmovant to set forth some facts they hope to elicit from further discovery. *Anzaldua,* 793 F.3d at 836-37. And the mere assertion that evidence supporting an allegation is in the opposing party's hands is insufficient to justify a denial of a summary judgment motion on Rule 56(d) grounds. *Id*. In short, Rule 56(d) does not permit a "fishing expedition." *Id*.

The Court has wide discretion in deciding Rule 56(d) motions. *See Moody,* 903 F.3d at 772. But that discretion is restricted when a summary judgment motion is based on qualified immunity. *Anzaldua,* 793 F.3d at 836. This restriction reflects the concern that insubstantial claims against government officials be resolved prior to discovery and on summary judgment if possible. *See id.*; *Moody,* 903 F.3d at 772.

### III. DISCUSSION

The plaintiff pled several theories of relief based on the defendants' conduct. He asserts that the defendants illegally entered his home; that he was arrested without probable cause; and that the defendants used excessive force when arresting him. *See* filing 1 at 2-4. The defendants' summary judgment motion, and by extension the plaintiff's Rule 56(d) motion, depends on the defendants' assertion of qualified immunity. Filing 25; filing 26; filing 30.

#### 1. QUALIFIED IMMUNITY

Qualified immunity shields police officers performing discretionary functions from liability for conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Parker v. Chard,* 777 F.3d 977, 979 (8th Cir. 2015); *see Messerschmidt v. Millender,* 565 U.S. 535, 546 (2012); *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). In determining whether a police officer is entitled to qualified

immunity, the Court asks (1) whether the facts alleged establish a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the alleged violation, such that a reasonable officer would have known that his actions were unlawful. *Laney v. City of St. Louis*, 56 F.4th 1153, 1156 (8th Cir. 2023); *Johnson v. Phillips*, 664 F.3d 232, 236 (8th Cir. 2011); *see Parker*, 777 F.3d at 980.

A person's Fourth Amendment constitutional rights are violated if a police officer does not have probable cause before making a warrantless arrest. *See, e.g., Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). But an officer with "arguable probable cause" does not violate a clearly established right. *See Brown v. City of St. Louis*, 40 F.4th 895, 901 (8th Cir. 2022). Put another way, police officers may be immune from suit for warrantless arrests based on a mistake, so long as that mistake is objectively reasonable. *See id.*; *Walker v. City of Pine Bluff*, 414 F.3d 989, 992 (8th Cir. 2005). Qualified immunity does not protect an officer who is plainly incompetent or who knowingly violates the law. *Walker*, 414 F.3d at 992 (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)).

A police officer has probable cause if the totality of the facts known at the time of the arrest would justify a reasonable person believing that a person has committed or is committing a crime. *E.g., Hosea v. City of St. Paul*, 867 F.3d 949, 955 (8th Cir. 2017). Probable cause is determined at the moment an arrest is made, and later-developed facts are irrelevant. *Id.*

2. DEFENDANTS' EVIDENCE

In support of their motions for summary judgment, the defendants have provided affidavits regarding their knowledge of the plaintiff and his prior dealings with law enforcement. *See* filing 27 at 2. These facts purportedly

4

support their assertion that they at least had arguable probable cause when they arrested the plaintiff in his home. *See id.*

The plaintiff seeks to rebut the defendants' assertions of fact by serving interrogatories or taking depositions of the defendants. *See* filing 32 at 8. The plaintiff set forth a long list of facts, many of which are directly contrary to the defendants' sworn statements, that he hopes to discover by deposing the defendants. *See* filing 32 at 7. Most of these facts relate to the defendants' actual knowledge prior to the plaintiff's arrest. *See* filing 32 at 6-7; *Hosea,* 867 F.3d at 955. And the plaintiff appears to hope the defendants will tell a different story if they are deposed, or give more information than contained in their affidavits.

But it is not enough for a plaintiff to set forth some facts he hopes to elicit from further discovery; he must show that the facts sought exist. *Anzaldua,* 793 F.3d at 836-37. The simple hope that taking the defendants' deposition would uncover a constitutional violation is precisely the sort of fishing expedition that is insufficient under Rule 56(d). *Id.* The hope that deposing the defendants would uncover the existence of other witnesses or body camera footage is similarly unavailing. *See id.*; filing 32 at 7-8.

Presumably, the plaintiff seeks to depose the defendants in order to test the veracity of the statements in their affidavits, or otherwise impeach their credibility. But if a government official has made a properly supported motion for summary judgment,[1] a plaintiff may not respond with general attacks upon a defendant's credibility. *Crawford-El v. Britton,* 523 U.S. 574, 600 (1998). Rather, a plaintiff must identify affirmative evidence from which a jury could

---

[1] The defendants' motion is not yet ripe for consideration, and the Court has no opinion on whether the defendants have submitted a "properly supported motion."

find that the plaintiff has carried *his* burden of proving a lack of probable cause. *See id.*; *see also* U.S. v. 3234 Washington Ave. N., 480 F.3d 841, 845 (8th Cir. 2007) (to withstand summary judgment, the credibility of a material interested witness must be undermined by material evidence).

The plaintiff seeks further discovery to fish for evidence he *hopes* exist that *might* support his claim. This is insufficient under Rule 56(d) to postpone summary judgment. *See* Moody, 903 F.3d at 772. The plaintiff may contest the sufficiency of the defendants' motions with his own affidavits or evidence, but under the existing circumstances, he may not obtain discovery to do so. Accordingly,

IT IS ORDERED:

1. The plaintiff's Rule 56(d) motion (filing 30) is denied.

2. The plaintiff may respond to the defendants' motions for summary judgment (filing 24, filing 25) on or before November 20, 2024. The defendants may reply on or before December 4, 2024.

Dated this 30th day of October, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

6