IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARRY ZIKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:23-cv-3249 |
| | ) | |
| CHRISTOPHER CALVERT, and | ) | |
| MATTHEW HOLCOMB, | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATION AND PROTECTIVE ORDER FOR
PLAINTIFF'S MEDICAL RECORDS**

The Defendants have served Notices of Intent to issue Subpoenas to obtain medical records of the Plaintiff from various medical providers. Such medical records contain information regarding the Plaintiff's medical care, diagnoses and treatment, and may contain discussion of the Plaintiff's medical conditions. This information is confidential and is referred to herein as Confidential Information, and should be protected from disclosure to unauthorized persons.

For these reasons the Plaintiff and the Defendants, and their counsel stipulate and agree to the entry of the following Protective Order, and the Court hereby enters a Protective Order as follows:

The Defendants and their counsel shall use any medical records obtained for the Plaintiff pursuant to records subpoenas issued under FRCP 45 only for purposes of this litigation and for no other purpose.

The Defendants and their counsel shall destroy all medical records obtained for the Plaintiff upon the conclusion of this litigation.

Any person who is not a party to this action who is provided access to any

of the Plaintiff's medical records shall also be required to maintain the confidentiality of such records and shall be required to destroy such records upon the completion of said person's review or upon the conclusion of this litigation, whichever is appropriate. A copy of this Oder shall be provided to any person who is provided access to or review of the Plaintiff's medical records.

This Order shall apply to all of the Plaintiff's medical records regardless of the nature of the medical condition and regardless of the nature of the medical service provided to the Plaintiff or the identity of the medical provider.

## Access to Confidential Information

Except as otherwise expressly provided herein or by subsequent order of the Court, Confidential Information as provided in this Order may be revealed only as follows:

1. To counsel of record for a party to this law suit including attorneys, paralegals, secretaries, administrative assistants and other staff employed in the office of such outside counsel who are working on the litigation.
2. To the parties after they have been given a copy of this Stipulation and Protective Order.
3. To court reporters transcribing a deposition, hearing or other proceeding in this matter.
4. To independent experts and independent consultants after they have been given a copy of this Stipulation and Protective Order.
5. To a mediator who provides mediation services in this action.
6. To the Court as provided below.

## Use of Confidential Information

7. Use in this litigation only. Confidential information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly use, disclose, disseminate or attempt to use, disclose or disseminate any of the Confidential

2

Information except as expressly provided herein.

8. Use at court hearings, depositions and trial. Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at any hearing, deposition and trial, and may be presented as evidence in support of or in opposition to any motion. Any party may request that the Court order that the evidence be received in camera or under other conditions to prevent unnecessary or detrimental disclosure. If presented at trial, the status of the evidence as Confidential Information shall not be disclosed to the finder of fact.

9. If any party seeks to file with the Court a document that contains any Confidential Information, that party shall make all reasonable efforts to designate the document as confidential to prevent unnecessary disclosure.

10. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

11. The Stipulation and Protective Order shall apply to the production of all medical records of the Plaintiff whether or not such materials are informally produced or produced in response to a formal discovery request or a Court Order in this litigation.

The parties having stipulated and agreed hereto, it is SO ORDERED this 9th day of April, 2025.

Michael D. Nelson
United States Magistrate Judge

So stipulated and agree:

s/ Matt Catlett                                         April 8, 2025

Matt Catlett, #21699                                    Date
Law Office of Matt Catlett
701 "P" St., Ste. 207
Lincoln, NE 68508
(402) 858-1313
matt@catlettlaw.com
Counsel for Plaintiff


/s/ Charles W. Campbell                                 April 9, 2025

Charles W. Campbell, #16808                             Date
Angle, Murphy & Campbell, PC, LLO
617 N. Grant Ave.
PO Box 584
York, NE 68467
(402)362-7725
campbell@windstream.net
Counsel for Defendants
Christopher Calvert and
Matthew Holcomb

F:\NET\NODE3\CHARLIE\COURTDOC\ScottsBluffCoZika STIPULATIONAndProtectiveOrderForPlaitniffsMedicalRecords.wpd